## PennDOT v. Dempsey

*Frank O'Neill, assistant counsel,* for the Commonwealth.

*Joseph McGraw,* for defendant.

MUNLEY, *J.,* March 30, 1992—Before the court is the appeal of William J. Dempsey from the suspension of his motor vehicle operator's license. A hearing was held before the court on January 2, 1991.

The facts reveal that on December 15, 1990, the defendant was stopped, while operating his automobile, by Officer Yarns of Clarks Summit Borough Police Department. After failing a field sobriety test the defendant was advised of the implied consent law and was asked to submit to a blood test. While at the site of the stop the defendant refused to submit to a testing and was re-advised that a refusal would result in a one-year license suspension. He was further advised that he did not have the right to have an attorney present to answer the question.

Thereafter, Officer Yarns transported the defendant to the Lackawanna County DUI Processing Center. At the center the defendant was read the implied consent law by Officer Frank Biancardi. Officer Biancardi testified that he read the *Miranda* warnings to the defendant and then requested that the defendant submit to a chemical test.

The defendant argues that he was never advised by Officer Biancardi that he did not have a right to an attorney before he made a decision on whether to submit to a chemical test; that after the *Miranda* warnings were given, the defendant was asked to submit to a chemical testing and refused.

The Commonwealth argues that *Miranda* warnings do not apply to the request for chemical testing under the instant circumstances.

Due to the argument concerning the conflict in testimony, both counsel agreed at sidebar, that counsel for the petitioner and counsel for the Commonwealth would view the videotape and report to court whether the petitioner was properly *de-Mirandized* pursuant to the requirement stated in *PennDOT v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989) and its progeny. After viewing the tape, counsel could not agree as to the contents of the tape. The court subsequently reviewed the tape.

The tape evidences the following sequence of events took place on December 15, 1990, at the processing center: Officer Biancardi read the implied consent law to Dempsey, then requested Dempsey submit to a chemical test, which he refused, and then Biancardi read petitioner his *Miranda* warnings. Although, Biancardi

never informed the petitioner that the *Miranda* warnings did not apply to the request for a chemical test, we determine that it was not necessary for Biancardi to so inform the petitioner. Dempsey never requested to speak to or call an attorney and the *Miranda* warnings were given subsequent to the request to submit to chemical testing.

In *PennDOT v. Fiester,* 136 Pa. Commw. 342, 583 A.2d 31, 32 (1990) the court stated:

"The law has always required that the police must tell the arrestee of the consequences of a refusal to take the test so that he can make a knowing and conscious choice....

"Accordingly, where an arrestee requests to speak to or call an attorney, or anyone else, when requested to take a breathalyzer test, we insist that in addition to telling an arrestee that his license will be suspended for one year if he refuses to take a breathalyzer test, the police instruct the arrestee that such rights are inapplicable to the breathalyzer test and that the arrestee does not have the right to consult with an attorney or anyone else prior to taking the test....

"[W]here the *Miranda* warnings *precede* the chemical test request as well as the implied consent warning, such a juxtaposition is per se confusing. Therefore, absent an explanation by the police of the inapplicability of the rights to counsel to chemical testing, a licensee may make out a valid prima facie defense under *O'Connell* by a showing that the *Miranda* warning *preceded* the request to submit to chemical testing. *Id.,* 136 Pa. Commw. 342, 583 A.2d at 33. (emphasis supplied)

"[W]here *Miranda* rights *are followed* by a request to take a chemical test and no explanation is given that the *Miranda* rights are inapplicable to the testing procedure, a per se violation of the *O'Connell* rule exists." *Id.*, 136 Pa. Commw. 342, 583 A.2d at 33. (emphasis supplied)

We found the film illustrates the following procedural steps were taken at the DUI Center:

(1) Dempsey was read the implied consent law;

(2) Then Dempsey was requested to take a test, which he refused;

(3) Next, Dempsey was read his *Miranda* rights.

The film definitely establishes that defendant was *Mirandized* following his refusal to take the test. Therefore, we are of the opinion that there was no overt demonstration of confusion under the principles outlined in *Fiester;* vis a vis, the sequence of procedural steps employed at the processing center convinces us that no *de-Mirandizing* was necessary. A picture is worth a thousand words.

The arrest in this case occurred on December 15, 1990, and the hearing de novo was held on January 2, 1992, with 13 months intervening. Sometimes the past activity of imagination seems to partially corrupt recollections that have a genuine basis of fact; experience continually shows us that reproduction from memory is very often *inexact.* Francis Wellman, *The Art of Cross Examination* (Rev. ed. 1904). In light of the delay between the event and the hearing, we can understand the variance in Officer Biancardi's recollections. The film in this case was most revealing.

With respect to the evidentiary significance of the tape, the agreement entered into between counsel at side bar is clear to the court; that counsel would review the film and if they could agree on its contents, they would advise the court accordingly, and if they could not agree on it's contents, then the court would review the tape, which we did. Therefore, we consider the tape part of the evidence in this case.

Under the circumstances outlined above, we will enter an order denying the Dempsey appeal.

### ORDER

Now, March 30, 1992, for the reasons stated above, petitioner's appeal from the license suspension is denied.